FILED

2026 Apr-28  AM 11:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **TERESAMINGO GAMBLE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 5:26-cv-00675-CLS** |
| | ) | |
| **MORGAN COUNTY** | ) | |
| **DEPARTMENT OF** | ) | |
| **HUMAN RESOURCES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

*Pro se* plaintiff Teresamingo Gamble filed this action on April 23, 2026.  Doc. no. 1.  She also filed a motion to proceed *in forma pauperis.*  Doc. no. 2.

Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915(a)(1). That provision permits the court to authorize the commencement of a suit without prepayment of fees upon the party's submission of an affidavit, including a statement of all assets, which supports the party's inability to pay the required fee.  Plaintiff has submitted such an affidavit, substantiating her inability to pay.  Accordingly, the court finds that the motion is due to be granted.

Even so, a case in which the court permits a plaintiff to proceed without prepayment of fees still must be dismissed if the court determines that the action is "frivolous or malicious," or that the complaint fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2).   Therefore, the court is obligated to

review the present complaint with those standards in mind.

Plaintiff's complaint was handwritten on a form provided by the Clerk to assist *pro se* plaintiffs when commencing a civil action.[1]  That form requires a plaintiff to provide a short and plain statement of each claim, briefly stating the facts and how each defendant was involved, and what each defendant did that caused the plaintiff harm or violated her rights.  Plaintiff's complaint is not entirely legible, but it appears that she seeks to obtain custody of either her children or grandchildren from the Morgan County Department of Human Resources.[2]  Plaintiff's statements, without more, do not support a claim upon which relief might be granted by this court.

Fundamentally, however, plaintiff has not established that this court possesses jurisdiction to consider her claims.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action.") (emphasis supplied).

Federal district courts are tribunals of limited jurisdiction, and may only hear cases authorized by the Constitution or statute.  *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g.*, *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (federal courts may "'hear only those cases within the judicial power of the

---

[1] Doc. no. 1 (Complaint for a Civil Case).

[2] *Id.* at 5.

2

United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress") (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  Accordingly, an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action.  *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89 (1998)).

To invoke the subject-matter jurisdiction of this court, a complaint must either allege the presence of a federal question under 28 U.S.C. § 1331,[3] or demonstrate that the citizenship of the plaintiff is different from the citizenship of every defendant, and, the amount in controversy exceeds $75,000 (*i.e.*, "diversity of citizenship jurisdiction" under 28 U.S.C. § 1332).[4]  "[T]he burden to establish the existence of federal subject matter jurisdiction rests with the party bringing the claim."  *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005).

Plaintiff failed to identify any basis for jurisdiction in the section of the form "Complaint for a Civil Case" supplied by the Clerk's office for the benefit of *pro se* litigants entitled "Basis for Jurisdiction."  Instead, she wrote "N/A" in each section of

---

[3] "The district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

[4] *See, e.g.*, *Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1564 (11th Cir. 1994) (citing *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L. Ed. 435 (1806)).

the form pertaining to a potential basis for federal jurisdiction.[5]  Notwithstanding, the court cannot discern a basis for federal jurisdiction from the face of the complaint.

Plaintiff has not established that any claim she may have implicates a constitutional or federal question, or that her citizenship is different from the defendant's.

An Order consistent with this opinion will be entered contemporaneously herewith.

**DONE** this 28th day of April, 2026.

_____
Senior United States District Judge

---

[5] Doc. no. 1 (Complaint for a Civil Case), at 3-4.